═══════

In re PAUL.

(District Court, E. D. Pennsylvania. July 28, 1926.)

No. 7811.

1. Evidence ⬥══67(1).

Fact shown to exist at certain time is presumed to continue to exist.

2. Bankruptcy ⬥══136(2)—Evidence held insufficient to sustain pay-over order.

Accountant's testimony as to merchandise on hand, bought and sold, *held* insufficient to support pay-over order, in view of testimony of bankrupt and salesman as to loss sustained in disposing of out of date stock.

In Bankruptcy. In the matter of the bankruptcy of Harry Paul. On certificate of referee for review of pay-over order. Findings of referee disapproved, and order reversed.

Bernard A. Illoway, of Philadelphia, Pa., for trustee.

David S. Malis, of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. The order of the referee brought up for review directs the bankrupt within 10 days to turn over to the trustee "merchandise, consisting of suits and overcoats, etc., of the kind usually carried by the said bankrupt, in the sum of $4,761.43." The bankrupt made a statement to creditors on January 1, 1922, which, upon his examination, he admitted was correct, setting forth that he had on hand at that time stock and merchandise amounting to $9,366.30 and cash in the sum of $1,844.06. The petition in bankruptcy was filed June 8, 1922, and an adjudication entered July 3, 1922. The petition for an order for pay-over was filed July 14, 1923.

Between the date of the statement to creditors and the date of the appointment of a receiver the bankrupt received in addition merchandise costing $12,498.18, also cash in the sum of $1,000, making a total in assets of cash and merchandise amounting to $24,708.54. The bankrupt turned over to the receiver merchandise of the cost value of $6,200, which, with his payments to creditors and expenses for rent, light, heat, telephone service, and wages, including his own salary, entitled him to a credit of $16,372.11. The trustee asked for a turn-over order for the difference, amounting to $8,336.43. The bankrupt was thereupon called upon to account for that difference in assets.

The referee allowed him credit in the sum of $3,575 for various items of expenses to which the bankrupt testified, but charged him with the sum of $4,761.43 as the difference between the value of the merchandise on hand, as set forth in the statement to his creditors, $9,366.30, and of new merchandise purchased, $6,000, and the value of the merchandise turned over to the receiver. The bankrupt claims that this difference was absorbed by losses in his business between the date of the statement and the time of appointment of a receiver. He testified that most of the $9,300 worth of merchandise was out of date; that he sold it for what he could get, and suffered a loss of at least $33^1/_3$ per cent.; that this percentage of loss was also true of the $6,000 new merchandise received. In his claim of losses on sales he was sustained by the testimony of his salesman.

The testimony on which the referee bases his finding and order consists entirely of that of an accountant called on behalf of the trustee, who made a statement prepared from the bankrupt's check stubs and checks, his bills, the schedules filed, and the testimony of the bankrupt upon his examination. He did not take into consideration the items which the referee allowed, nor did he take into consideration the possibility of losses on the sale of merchandise. In fact, the trustee relied entirely upon the testimony of the accountant to make out his case.

[1] The order is based upon a finding by the referee, and necessarily must be, that at the time the order was made the bankrupt had in his possession suits and overcoats of the value set out in the order. Of course, there is a presumption that a fact which exists at

a certain time continues to exist. But I am not convinced that the presumption, standing alone, is sufficient basis for an order to pay in this case. It is unsupported by any evidence except that of the accountant, and his testimony amounts to no more than the statement of the facts on which the presumption is based. The presumption is not irrebuttable. It has been rebutted by the testimony of the bankrupt and the corroborative testimony of his salesman. The referee has accepted the testimony of the accountant, without an iota of substantive evidence to sustain it. There is no evidence on the part of any one that any merchandise was taken away by the bankrupt or any one for him from his place of business. There is no evidence of concealment of any assets and there is no testimony on the part of any witness to show the falsity of the bankrupt's statements that his merchandise was sold at a loss.

[2] I do not think that the naked fact of the bankrupt having possession of stock or merchandise amounting to $9,300 in January, 1922, and his purchase of $6,000 more of merchandise between that date and the date he turned over his assets to his receiver, together with the accountant's testimony, affords sufficient ground for a finding on which to base the turn-over order. There must be some substantive evidence of concealment of some existing thing to justify a pay-over order; for, when the pay-over order is made, if the bankrupt does not comply with its terms, the next step is a proceeding to commit him for contempt. An order of commitment is futile, unless the order to pay over can be obeyed.

In this case the fact upon which the ability to obey must be predicated is the withholding by the bankrupt, in his possession or under his control, of the substantial thing which is the subject-matter of the order, namely, suits and overcoats. There is not, in my opinion, anything in the evidence in this case upon which the court could base a commitment to jail for a refusal on the part of the bankrupt to turn over to the trustee any suits or any overcoats.

The findings of the referee are therefore disapproved, and the order reversed.